BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
SEP 15 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE RADIATION INCIDENT AT
WASHINGTON, D.C. ON APRIL 5, 1974

DOCKET NO. 213

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER*,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of six actions pending in two federal district courts: the Siegel, Blakeney, Evans, Kappelmann and Penna actions in the District of the District of Columbia and the Powell action in the Middle District of Louisiana. Each action arises from an incident in which all plaintiffs were allegedly exposed to ultra-hazardous radioactive material that was packaged by Value Engineering Company and then sent to Washington National Airport for ultimate shipment to Baton Rouge, Louisiana, by Delta Airlines. Value Engineering and Delta are defendants in every action.

Defendant Delta moves the Panel for an order transferring the Louisiana action to the District of the District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending there. Only the plaintiff in the Louisiana action opposes transfer.

---

\*   Although Judges Wisdom, Robson and Becker were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

We find that these actions involve common questions of fact and that transfer of the Louisiana action to the District of the District of Columbia under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Generally, the complaints in all the actions contain allegations that defendant Value Engineering improperly packaged, labeled, handled and monitored canisters of radioactive material that it was transporting from its Virginia plant to Washington National Airport, located in Washington, D.C. Plaintiffs allege that defendant Delta improperly accepted and shipped these defectively packaged and labeled containers, failed to warn passengers, crew members and ground personnel of the radioactive substance that it was transporting, and failed to monitor and detect any leakage.

All the actions charge defendants with negligence, while four of the District of Columbia actions add the theories of strict liabiblity and "ultra-hazardous activity." Every plaintiff seeks compensatory and punitive damages for their alleged injuries, which include the possibility of cancer and genetic deformities. The Kappelmann plaintiffs additionally desire an injunction requiring Delta to provide adequate warnings about the presence of significant amounts of radioactive materials to all prospective passengers who may board flights transporting such substances or, in the alternative, to all prospective passengers who may board these flights who have been previously exposed to a significant amount of radiation. Also, the Penna and Evans plaintiffs seek a declaration of defendants' liability and request that a medical

laboratory and information clearing house be established by defendants in order to provide proper medical care and data for plaintiffs.

In the Kappelmann action, the Department of Transportation, the Civil Aeronautics Board and the Federal Aviation Administration are also named as defendants. These parties are accused of negligence because of their refusal to promulgate regulations requiring airlines to warn prospective passengers of the presence of a significant quantity of radioactive material on flights that they are scheduled to board.

Three of the six actions -- Siegel, Blakeney and Powell -- were commenced individually. Siegel and Blakeney were passengers on one of the two flights carrying the radioactive substance, and Powell was present in the freight area at the Louisiana airport when the shipments arrived there.

The other three actions -- Kappelmann, Evans and Penna -- were each instituted on behalf of a class of all passengers who were aboard either of the two planes that transported the radioactive material. In addition, the Penna and Evans plaintiffs include in their purported classes the crews of the two Delta flights, plus all persons on the ground who were exposed to the substance's radiation as the canisters were delivered to Washington National Airport, loaded onto a Delta flight, transported or unloaded. The Kappelmann plaintiffs also desire a subclass or alternative class consisting of prospective passengers who have sustained previous exposure to a significant amount of radiation.

Plaintiff Powell concedes the existence of common questions of fact between his action in Louisiana and the actions in the

District of Columbia, but maintains that duplicative discovery on these questions can be avoided without transferring <u>Powell</u> because he has access to any discovery obtained by plaintiffs in four of the other actions. Plaintiff says that once he secures such discovery, he will simply submit interrogatories to defendants so that the information may be used in his action. He also opposes transfer since the factual questions relating to damages are unique to each action. Finally, plaintiff contends that he would incur unnecessary expenses and be unduly inconvenienced by participating in pretrial proceedings in a distant forum.

Plaintiff's arguments are not persuasive and, in fact, are apparently founded on a lack of understanding about the benefits to be gained by coordinated or consolidated pretrial proceedings.

Traditionally, as is the case here, the common questions of fact in multidistrict litigation transferred under Section 1407 arise on the issue of liability, while the issue of damages is unique to each action. Discovery pertaining to these damages questions either are scheduled by the transferee judge to proceed concurrently with the common discovery or await remand.

Assuming that plaintiff Powell would have complete access to all information discovered by the other plaintiffs on the issue of liability, if we follow his line of reasoning, he would then propound interrogatories to defendants to verify this discovery. This procedure itself would involve unnecessary duplication on the part of plaintiff Powell as well as defendants and will be prevented by Section 1407 proceedings, the purpose of which is to provide a mechanism whereby all pretrial efforts are coordinated or consolidated into single undertakings so that discovery is immediately

applicable to all actions. Furthermore, transfer under Section 1407 eliminates the possibility of inconsistent pretrial rulings.

We are confident that plaintiff Powell will experience a net savings of time, effort and expenses by Section 1407 treatment and the accompanying utilization of techniques recommended in the Manual for Complex Litigation. For example, since plaintiff shares virtually identical interest with all other plaintiffs in this litigation, the judicious use of liaison counsel, lead counsel and steering committees could streamline the entire pretrial operation and even eliminate any need for his counsel to travel to the transferee district. See Manual for Complex Litigation, Part I, §§ 1.90-1.93 (rev.ed. 1973). Of course, since the parties and witnesses usually do not personally participate in pretrial conferences or hearings, it is unlikely that Powell or any of his witnesses will ever have to travel to the transferee forum. And, in any event, their depositions will probably occur in proximity to where they reside. Fed.R.Civ.P. 45(d)(2).

The District of the District of Columbia is clearly the most suitable transferee forum for this litigation inasmuch as five of the six actions are already pending in that district. Moreover, many of the relevant documents and witnesses are located in the Washington, D.C. metropolitan area because the radioactive material in question was packaged and shipped from there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the following Schedule A and pending in the Middle District of Louisiana be, and the same hereby is, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable George L. Hart for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

| SCHEDULE A | DOCKET NO. 213 |
|---|---|

### MIDDLE DISTRICT OF LOUISIANA

| John A. Powell v. Delta Air Lines, Inc., et al. | Civil Action No. 75-112 |
|---|---|

### DISTRICT OF THE DISTRICT OF COLUMBIA

| Dennis E. Siegel v. Value Engineering Co., et al. | Civil Action No. 75-0239 |
|---|---|
| Theodore W. Blakeney, Jr. v. Value Engineering Co., et al. | Civil Action No. 75-0240 |
| Arthur C. Kappelmann, et ux. v. Delta Air Lines, Inc., et al. | Civil Action No. 74-1679 |
| Willie L. Evans v. Value Engineering Co., et al. | Civil Action No. 74-1197 |
| Richard Penna, et al. v. Value Engineering Co., et al. | Civil Action No. 74-704 |